UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAME SURPRIS,

                Plaintiff,

       -against-

HARRISON POLICE DEPARTMENT; THE
VILLAGE/TOWN OF HARRISON; NEW
YORK VILLAGE/TOWN COURTS; JOLI
SALON & SPA,

                Defendants.

21-CV-7697 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, filed this action invoking the Court's federal question

jurisdiction, alleging that Defendants violated his rights. By order dated November 1, 2021, the

Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma*

*pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must

include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough

factual detail to allow the Court to draw the inference that the defendant is liable for the alleged

misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In reviewing the complaint, the

Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept

as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-

pleaded factual allegations, the Court must determine whether those facts make it plausible – not

merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The complaint names as defendants the Harrison Police Department, the Village/Town of

Harrison, the Harrison Town Court,[1] and the Joli Salon & Spa, and asserts claims of "unlawful

search and seizure," "lack of a fair trial," and "the right to use of public facilities." (ECF 2 ¶ I.)

Following is Plaintiff's account of events occurring on an unspecified date:

> I was standing in front of a storefront in the City of Harrison inside of a plaza, I
> was then approached by 3 police officers requesting identification. I wasn't sure
> why I was told to show identification and refused. I was then told I was being
> arrested. Upon arrival to the police department I was then told I was being

---

[1] Plaintiff refers to this entity as the "City of Harrison, New York (Village/Town) Courts," but its proper name is the Harrison Town Court. *See* https://www.harrison-ny.gov/court (last visited on November 1, 2021).

charged with theft of contents inside of a post office mailbox. I had done no such thing but persuaded by my attorney to take a lesser charge. I felt if prosecution was willing to drop it down to a lesser charge there wasn't any support evidence of claims. I believe charges were falsified to make an arrest at the time where I felt my rights were violated for refusing to identify myself without being detained. I am not sure what the initial call for police at the time was for but I don't believe it was for what I was charged for at the time of the incident. I am also not sure if there was any statements made for the case.

(*Id.* ¶ III.)

Plaintiff alleges that as a result of these events, he "suffered emotional and psychological distress as well as depression," for which he seeks $100,000 in damages. (*Id.* ¶¶ III, IV.)

## DISCUSSION

The Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.      Eleventh Amendment immunity

Plaintiff's claims against the Harrison Town Court must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity for claims under Section 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Moreover, "the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 368 (citation omitted); *see Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504 n.1 (2d Cir. 2011) (summary order) (claims against New York Supreme Court barred by the Eleventh Amendment) (citing *Gollomp*, 568 F.3d at 368); *see also Murray v. Thompson*, No. 17-CV-7004, 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

Plaintiff sues the Harrison Town Court — a part of the New York State Unified Court System. The Court therefore dismisses Plaintiff's Section 1983 claims against this defendant under the doctrine of Eleventh Amendment immunity and because these claims are frivolous.[2] *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

## B.     Harrison Police Department and the Village/Town of Harrison

Plaintiff's claims against the Harrison Police Department must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See*

---

[2] *See also Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that a state court is not a "person" for the purpose of Section 1983 liability); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of Section 1983 liability).

*Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Accordingly, the Section 1983 claims against the Harrison Police Department are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff's allegations do not suggest that the Village/Town of Harrison has a municipal policy, custom, or practice that has caused a violation of his rights. The Court therefore dismisses

Plaintiff's claims against the Village/Town of Harrison for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Claims against Joli Salon & Spa**

The Court must also dismiss Plaintiff's Section 1983 claims against Joli Salon & Spa. Because under Section 1983 a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated by a person acting under the color of state law, *West*, 487 U.S. at 48-49, private parties are not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

As Defendant Joli Salon & Spa is a private entity that is not affiliated with any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983. *See, e.g.*, *Moreno v. Town of Greenburgh*, No. 13-CV-7101, 2014 WL 3887210, at *3 (S.D.N.Y. June 9, 2014) (no action where private defendant provides "false and misleading" information to prosecutors "even if the information provided is deliberately false"); *Rodriguez v. Winski*, 973 F. Supp. 2d 411, 429 (S.D.N.Y. 2013) ("[E]ven assuming that [defendant] had deliberately provided false information to police, such provision alone is not sufficient" to make him a state actor.). The Court therefore dismisses Plaintiff's Section 1983 claims against the Joli Salon & Spa for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Favorable termination requirement**

Plaintiff is not entitled to sue for damages in connection with his criminal conviction. The Supreme Court of the United States has held that:

a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]").

Success in this Section 1983 action – in which Plaintiff alleges that he did not commit the acts for which he was convicted – would necessarily demonstrate the invalidity of Plaintiff's conviction. As there is no indication that Plaintiff's conviction has been reversed or called into question in any way by a court authorized to do so, Plaintiff's claim is barred under *Heck*, and is therefore dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**F.    Leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 as barred under the Eleventh Amendment, frivolous, and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

The Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff consents to electronic service. (ECF 2 at 9.)

SO ORDERED.

Dated:   November 5, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge